JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Email: joshua.sliker@jacksonlewis.com

*Attorneys for Defendant*
*Central Transport LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

EDWARD STONE, an individual,

               Plaintiffs,

     vs.

CENTRAL TRANSPORT, LLC, a Foreign
Limited Liability Company,

               Defendant.

Case No.: 2:25-cv-01114-CDS-MDC

**STIPULATION AND ORDER TO STAY EARLY NEUTRAL EVALUATION**

      Defendant Central Transport, LLC ("Defendant"), by and through its counsel of record, the law firm of Jackson Lewis P.C., and Plaintiff Edward Stone, by and through his counsel of record, the law firm of Hatfield & Associates, Ltd., hereby stipulate to stay the Early Neutral Evaluation ("ENE"), currently scheduled for January 9, 2026, with Hon. Brenda Weksler. This Stipulation is based on the following:

      1.     Plaintiff filed his Complaint on June 20, 2025. ECF No. 1. In the Complaint, Plaintiff alleged that:

        a.  he applied for a position with Defendant as a Commercial Motor Vehicle (CMV) Driver (*Id.* at ¶ 13);

        b.  he was required to obtain a CMV medical certification from a medical provider as a condition of employment and as required by the U.S. Department of Transportation and Federal Motor Carrier Safety Administration (FMCSA) (*Id.* at ¶ 13);

        c.  a DOT physical helps determine if a driver is physically, mentally, and

emotionally fit to operate a commercial vehicle (*Id.* at ¶ 13);

    d.   Plaintiff provided a valid medical certification to Defendant, but Defendant refused to accept it (*Id.* at ¶ 14);

    e.   Defendant insisted that Plaintiff retake the medical certification test through a third-party medical provider (*Id.* at ¶ 14);

    f.   Plaintiff underwent the examination, but did not pass the hearing portion of the test (*Id.* at ¶ 15);

    g.   He requested a second test and passed the hearing test, and as a result, was not precluded from working as a CMV driver (*Id.* at ¶ 15);

    h.   He provided the results of the successful test to Defendant, but Defendant ceased further communication with Plaintiff without explanation and did not hire him (*Id.* at ¶¶ 15-17); and

    i.   In doing so, Defendant has violated the Americans with Disabilities Act, as amended, and Nevada's prohibition on discrimination based on disability (NRS 613.330) because it regarded him as disabled and failed to engage in the interactive process with him (*Id.* at ¶¶ 20-30).

2.    Defendant filed its Motion to Dismiss on October 21, 2025. ECF No. 13. In the Motion, Defendant argued that:

    a.   Plaintiff had failed to exhaust his administrative remedies and thus the Court lacked jurisdiction over his claims because federal law requires that any dispute regarding a CMV driver's medical qualifications must be submitted to and resolved by the U.S. DOT's administrative process pursuant to 49 C.F.R. § 391.47 (ECF No. 13, pp. 4-7);

    b.   There is no viable claim for failure to provide a reasonable accommodation under the ADA or Nevada law when Plaintiff claims they were regarded as disabled rather than having an actual disability (*Id.* pp. 7-8); and

    c.   Plaintiff had no actual disability and failed to allege he was qualified (*Id.* pp. 7-13).

3.     Plaintiff filed his Opposition on November 4, 2025 (ECF No. 14), and Defendant filed its Reply on November 11, 2025 (ECF No. 15).

4.     On November 12, 2025, the Parties stipulated to allow Plaintiff to file a First Amended Complaint (ECF No. 16), which was granted by the Court on November 17, 2025 (ECF No. 17).

5.     On November 19, 2025, Plaintiff filed his First Amended Complaint ("FAC") and added additional allegations. ECF No. 18.

6.     On November 25, 2025, the Court denied Defendant's Motion to Dismiss without prejudice as moot in light of the filing of the FAC. ECF No. 19.

7.     Contemporaneous with the filing of this Stipulation, the Parties are filing an additional stipulation to allow Plaintiff to file a Second Amended Complaint (SAC). Plaintiff filed the SAC on December 31, 2025.

8.     Defendant's response to the SAC will be due 14 days thereafter—January 14, 2026. At this juncture, Defendant anticipates that it will file a Motion to Dismiss the SAC which again raises, at a minimum, the arguments that the Court lacks jurisdiction over Plaintiff's claims and they must be submitted to the U.S. DOT, that Defendant had no obligation to engage in the interactive process, and that by law, Defendant was prohibited from allowing Plaintiff to work as a CMV driver in light of the test failure even if Plaintiff was actually disabled.

9.     Given these threshold issues regarding the viability of Plaintiff's claims (at least from Defendant's perspective), Defendant believes that engaging in the ENE at this juncture would not be productive. As a result, Defendant desires to conserve the Court's time and resources as well as their own.

10.    LR 16-6(d) requires this Court to hold an early neutral evaluation "no later than 90 days after the first responding party appears in the case." However, this Court may extend this deadline based on a showing of good cause. LR 16-6(d).

11.    Here, good cause supports staying the ENE as it would serve judicial economy.

12.    This Court has found good cause to stay proceedings when the stay serves judicial economy. *E.g.*, *Gilbert v. Lung*, No. 2:16-cv-1786-JAD-VCF, 2016 U.S. Dist. LEXIS 123999, at

1  *6 (D. Nev. Sep. 9, 2016); *Spencer v. Kohl's Dep't Stores, Inc.*, No. 2:14-cv-01646-RFB-CWH,
2  2017 U.S. Dist. LEXIS 16420, at *2 (D. Nev. Feb. 6, 2017) (citing *Landis v. N. Am. Co.*, 299 U.S.
3  248, 254-55 (1936)).

4      13.    As a result, Defendant requests that the Court stay the ENE pending resolution of
5  Defendant's forthcoming Motion to Dismiss Plaintiff's Second Amended Complaint. Plaintiff does
6  not oppose a stay of the ENE.

7      Dated this 7th day of January, 2026.

8
9  HATFIELD & ASSOCIATES, LTD.      JACKSON LEWIS P.C.

10 */s/ Trevor J. Hatfield*          */s/ Joshua A. Sliker*
   Trevor J. Hatfield, Bar # 7373     Joshua A. Sliker, Bar # 12493
   703 South Eighth Street        300 S. Fourth St., Suite 900
11 Las Vegas, Nevada 89101        Las Vegas, Nevada 89101

12 *Attorney for Plaintiff*          *Attorneys for Defendant*
   *Edward Stone*             *Central Transport, LLC*

13
14
15 4909-1370-4325, v. 1

16 **ORDER**

17 This Court grants the above stipulation and VACATES the early neutral evaluation set for
18 tomorrow (January 9, 2026). Within 14 days of the filing of the district judge's decision on
19 Defendant's motion to dismiss the second-amended complaint, the parties must file a joint status
20 report indicating new dates on which the parties are available to participate in the early neutral
21 evaluation.

22
23 _____
24 UNITED STATES MAGISTRATE JUDGE
25
26 DATED: January 8, 2026
27
28

JACKSON LEWIS P.C.
LAS VEGAS

4