JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Email: joshua.sliker@jacksonlewis.com

*Attorneys for Defendant*
*Central Transport, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EDWARD STONE, an individual, | Case No.: 2:25-cv-01114-CDS-MDC |
| Plaintiffs, | **AMENDED STIPULATION AND ORDER TO EXTEND DEADLINE FOR DEFENDANT TO FILE REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| vs. | |
| CENTRAL TRANSPORT, LLC, a Foreign Limited Liability Company, | |
| Defendant. | **(FIRST REQUEST)** |

IT IS HEREBY STIPULATED by and between Plaintiff Edward Stone ("Plaintiff"), by and through his counsel, Hatfield & Associates, Ltd., and Defendant Central Transport, LLC ("Defendant"), by and through its counsel, the law firm of Jackson Lewis P.C., that Defendant shall have up to and including **March 6, 2026**, in which to file its Reply in Support of its Motion to Dismiss Plaintiff's Second Amended Complaint. This Stipulation is submitted and based upon the following:

**A. Background**

1.    Plaintiff filed his Complaint on June 20, 2025. ECF No. 1.

2.    On October 21, 2025, Defendant Central Transport, LLC filed its Motion to Dismiss Plaintiff's Complaint. ECF No. 13.

3.    On November 12, 2025, the Parties stipulated to allow Plaintiff to file a First Amended Complaint. ECF Nos. 16 and 17.

4.    Plaintiff filed his First Amended Complaint on November 19, 2025. ECF No. 18.

5.    On December 30, 2025, the Parties stipulated to allow Plaintiff to file a Second

1

Amended Complaint. ECF Nos. 20 and 23.

6. Plaintiff filed his Second Amended Complaint on December 31, 2025 (ECF No. 21), making Defendant's response thereto due on January 14, 2026.

7. Defendant filed its Motion to Dismiss Plaintiff's Second Amended Complaint on January 21, 2026. ECF No. 28.

8. On February 3, 2026, the Parties stipulated that Plaintiff would have an extension of time to file his Opposition to Defendant's Motion to Dismiss up to and including February 11, 2026. ECF No. 30. The Court approved the extension on February 4, 2026. ECF No. 31.

9. On February 10, 2026, the Parties entered into a second stipulation extending the deadline for Plaintiff to file his Opposition to Defendant's Motion to Dismiss to February 18, 2026. ECF No. 32. The Court approved the stipulation on February 13, 2026. ECF No. 33.

10. Plaintiff filed his Opposition to Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint on February 18, 2026. ECF No. 34.

11. Defendant's Reply in Support of its Motion to Dismiss Plaintiff's Second Amended Complaint was due on February 25, 2026.

12. On February 25, 2026, Counsel for the Parties agreed that Defendant would have an extension to March 6, 2026 in which to file its Reply. The extension was necessitated because Defendant's counsel was traveling out of the office and required additional time to complete the Reply. Counsel for Defendant prepared and circulated a draft stipulation for Plaintiff's counsel to review and approve. Plaintiff's counsel responded the following morning, February 26, 2026, indicating he had missed the email with the draft stipulation, but had now reviewed and approved the same. As such, Defendant filed the stipulation on February 26, 2026—which was one day after the Reply deadline. ECF No. 35.

13. On March 3, 2026, the Court issued a Minute Order denying the Stipulation because it had been filed after the Reply deadline without the requisite showing of excusable neglect. ECF No. 36. The Court directed the Parties to file an Amended Stipulation with the requisite showing by March 6, 2026. *Id.*

**B. Showing under FRCP 6(b)**

14.     Rule 6(b) of the Federal Rules of Civil Procedure provides that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." FRCP 6(b)(1)(B). "Rule 6(b) gives the court *extensive* flexibility to modify the fixed time periods found throughout the rules, whether the enlargement is sought before or after the actual termination of the allotted time." *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 906 n. 7 (1990) (internal quotation marks and citation omitted) (emphasis added). "[L]ike all the Federal Rules of Civil Procedure, [Rule 6(b) is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010)

15.     The Ninth Circuit applies a four-factor equitable test in determining "whether a party's failure to meet a deadline constitutes 'excusable neglect.'" *Id.* at 1261 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) and *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997)). The factors are: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Id.* "The Ninth Circuit clarified how to apply this test" in two subsequent cases—*Bateman v. U.S. Postal Serv.*, 231 F.3d 1220 (9th Cir. 2000) (court must engage in the four-factor analysis) and *Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004) (en banc) (courts may not create per se "rigid legal rule against late filings attributable to any particular type of negligence."). *Williams v. Minev*, No. 3:22-cv-00293-RCJ-CSD, 2023 U.S. Dist. LEXIS 201528, at *3 (D. Nev. Nov. 8, 2023). Weighing these equitable factors is left "to the discretion of the district court in every case." *Pincay*, 389 F.3d at 860.

16.     Excusable neglect "is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inc. Servs. Co.*, 507 U.S at 392. Indeed, "[b]y using the words 'excusable neglect,' 'Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control."

*Countryman v. Vialpando*, No. 3:22-cv-00008-RCJ-CSD, 2024 U.S. Dist. LEXIS 48971, at *3 (D. Nev. Mar. 20, 2024) (quoting *Pioneer Inc. Servs. Co.*, 507 U.S at 388). Excusable neglect also "encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inc. Servs. Co.*, 507 U.S at 388.

17.   Here, excusable neglect is present and warrants granting the extension for Defendant to file its Reply in Support of its Motion to Dismiss, *nunc pro tunc*.

   a.   First, there is no prejudice to either Plaintiff or Defendant as the requested extension is stipulated and agreed to by the Parties.

   b.   Second, the Stipulation requesting the extension was filed on February 26, 2026, at 11:32 a.m. PST, approximately 11 and 1/2 hours from the expiration of the deadline at 11:59 p.m. PST on February 25, 2026. *See* LR IC 3-1(a) ("Unless the court orders otherwise, when a document is required to be filed by a deadline set by any rule or order, the deadline is 11:59 p.m. on the date due."). Plaintiff's Counsel emailed his approval of the stipulation to Defendant's Counsel at 10:31 a.m. on February 26, 2026. Defendant's Counsel's assistant then confirmed with Defendant's Counsel that the Stipulation was ready to be filed, and proceeded to file it with the Court. The Parties are not aware of any actual or potential impact on these or any other judicial proceedings given that the Stipulation was by mutual agreement and there are no other activities taking place in the case currently outside of the briefing of Defendant's Motion to Dismiss.

   c.   Third, the Parties had worked to submit the Stipulation by the deadline. Plaintiff's Counsel inadvertently missed the email containing the draft Stipulation until the following morning. The Stipulation was filed once Plaintiff's approval of the Stipulation was received—approximately 11 ½ hours after the deadline. As required by FRCP 1 and LR 1-1(b), Counsel for the Parties have worked cooperatively to advance this matter, including by stipulating to the filing of successive amended complaints rather than

engaging in motion practice, and by mutually agreeing to extend various deadlines. Both Parties have required extensions at different points due to Counsel's significant caseloads, commitments in other matters, scheduled time out of the office, personal obligations, and the practical reality that certain tasks occasionally take longer than anticipated. Through their good-faith collaboration, the Parties have avoided the time and expense associated with filing motions for extensions, thereby conserving the Court's limited judicial resources and preventing the delays typically associated with motion practice.

     d.   Fourth, the Parties have acted in good faith in submitting the Stipulation agreeing to the extension. The Stipulation was not an attempt by any Party to gain an unfair advantage in the case.

18.    Based on the foregoing, the Parties submit that excusable neglect exists here. *See, e.g., Bateman*, 231 F.3d at 1223-25 (concluding there was excusable neglect sufficient to grant relief from judgment where prejudice, "length of delay, and its potential impact on the judicial proceedings, was [] minimal," even if the reason for delay was "weak").

19.    Accordingly, the Parties have agreed to extend the deadline for Defendant to file its response to Plaintiff's Second Amended Complaint to **March 6, 2026**.

20.    This is the first stipulation to extend the time for Defendant to file its Reply in Support of Motion to Dismiss Plaintiff's Second Amended Complaint.

21.    The Parties believe these circumstances constitute good cause and excusable neglect for granting an extension. *See* Fed. R. Civ. P. 6(b)(1).

22.    This Stipulation is made in good faith and not for the purpose of delay.

/ / /

/ / /

/ / /

/ / /

/ / /

JACKSON LEWIS P.C.
LAS VEGAS

5

23. Nothing in this Stipulation and Order shall operate to waive, relinquish, or impair any claim, defense, objection, or right of any party in this case. Further, nothing in this Stipulation and Order shall be construed as an admission of or consent to the merit or validity of any claim, defense, objection, or right by any party in this case.

Dated this 6th day of March, 2026.

HATFIELD & ASSOCIATES, LTD.                JACKSON LEWIS P.C.

*/s/ Trevor J. Hatfield*                          */s/ Joshua A. Sliker*
Trevor J. Hatfield, Bar # 7373               Joshua A. Sliker, Bar # 12493
703 South Eighth Street                       300 S. Fourth St., Suite 900
Las Vegas, Nevada 89101                    Las Vegas, Nevada 89101

*Attorney for Plaintiff*                          *Attorneys for Defendant*
*Edward Stone*                                 *Central Transport, LLC*

## **ORDER**

IT IS SO ORDERED.

United States Magistrate Judge

Dated: 3-17-26